UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES EDWARD JONES,<br><br>                Plaintiff,<br><br>vs.<br><br>C/O PITTMAN, SGT. RAMIREZ, CMS SAWELL, CLINICIAN LEGG, IDAHO DEPARTMENT OF CORRECTIONS, ISCI,<br><br>                Defendants. | Case No. 1:20-cv-00533-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff James Edward Jones was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint and Plaintiff's Motion to Amend Complaint, the Court has determined that Plaintiff's Complaint and proposed amendments are subject to dismissal as de minimis claims not protected by the United States Constitution, and that further attempts at amendment would be futile.

## REVIEW OF COMPLAINT

1. **Factual Allegations**

On September 6, 2020, Plaintiff was scheduled to receive a mid-day prescription dosage of Neurontin for nerve pain from the on-duty pill call distribution specialist,

Defendant Julles Sawell. The inmates were advised to be ready to receive their medications between 12:00 p.m. and 1:30 p.m. Plaintiff was ready for his medication, but pill call was not announced over the intercom and/or he did not hear it, due to loud air conditioning and fans and the location of Plaintiff's cell at the farthest end of the housing unit. Plaintiff's unit was also on lock-down. Plaintiff asserts that Sawell knew he was in the unit and that he needed his pill, but she would not return to the unit to administer his pill. Plaintiff twice asked Defendant Correctional Officer Pittman to ask Sawell to come back to the unit to administer the pill, and Pittman twice asked Sawell to do so, but she declined, even though she was working only 20 feet away.

In Plaintiff's own words, Plaintiff "then threw a fit," and asked Pittman to get a yard sergeant and a mental health clinician for him immediately. Yard Sergeant Ramirez would not retrieve Plaintiff's mid-day pill for him, but told him the mental health clinician was on the way. Clinician Legg came, helped Plaintiff calm down, tried to get his pills, and filed a complaint against the nurse.

Plaintiff asserts that Sawell purposely left him in pain between 12:00 p.m. and 6:30 p.m., when he was given his next dosage at the next pill call. Plaintiff asserts he is a mental health patient, and he blames Defendants for his "pain and suffering" and "severe anger attack" that resulted in "bad C notes in file that goes to Board which could cause me to get flopped and be her longer" Dkt. 3, p. 10 (verbatim).

Plaintiff brings Eighth Amendment claims against Defendants, seeking injunctive relief, an apology, and more than $25,000 in damages.

## 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Under the PLRA, the Court retains screening authority to dismiss claims "at any

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs," or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 726 731 (9th Cir. 2000). In *McKune v. Lile*, 536 U.S. 24 (2002), the United States Supreme Court explained that, in determining whether a constitutional claim

lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." *Id*. at 41.

### 3. Discussion

Plaintiff has alleged that he was without his prescription pain medication for one half-day. While, no doubt, he suffered pain that could have been alleviated had Defendant Sawell returned to his cell and administered his medication, a half-day delay in receiving one's medication is de minimis harm, not "cruel and unusual punishment." Plaintiff has failed to state a claim upon which relief can be granted. Because this de minimis harm is the foundation of all of the other claims against the other defendants, they, too, fail to state a claim upon which relief can be granted.

Plaintiff's "bad C notes" that may affect whether he is paroled are due to his own choice to "throw a fit" rather than calmly realize that he would have to wait until the dinner time pill call to receive his nerve pain pill. In his allocation of blame and quest to avoid damage at an upcoming parole hearing, Plaintiff is misunderstanding the role of the parole board, which is charged with determining whether release of Plaintiff into society poses an undue risk to *others*. The parole board should, indeed, be advised of Plaintiff's inability to control himself when things go wrong in life due to the fault of someone else. Things often do go wrong in everyone's lives in the outside world, requiring one to react in a reasonable manner. If Plaintiff cannot endure a missed pill without "throwing a fit," the parole board is entitled to assess whether that affects their decision to deem him safe to return to society.

### 4. Motion to Amend Complaint

On January 12, 2021, Plaintiff asked for authorization to file an amended complaint, naming a different pill distributor, CMS Hill, who forgot Plaintiff's morning pill, said she would bring the pill to him "soon," but did not return until 1:30 for afternoon pill call on December 7, 2020. Hill left him in pain for six hours, even though he told her that he was in pain at 7:30 a.m. This event occurred about 90 days after the first instance. Plaintiff seeks $10,000 from Hill.

Again, the Court concludes that Plaintiff's claim is de minimis. This is the second time in 90 days that he has not received his pain medication for a half-day. Each provider who neglected to give him the pill was different, and there are no allegations showing that the two instances were related. *Even if the instances were related*, two missing pills in 90 days is still de minimis harm. Plaintiff's Motion to Amend the Complaint will be granted to the extent that the Court has reviewed the amended allegations and determined that Plaintiff still has not stated a federal claim upon which relief can be granted.

In a similar case, a Texas federal district court concluded:

> With regard to his claims against nurses at the "pill window," whom Plaintiff alleges refused to dispense the Naproxen 500 mg tablets which were prescribed by Defendant Doty for back pain, Plaintiff cannot prevail. He alleges that the pills were not dispensed to him on August 1, 3, 9 & 11, 2007 and on October 27, 2007. Therefore, Plaintiff's dose of medication was delayed, at most, until the following day.
>
> A delay in medical care can rise to the level of a constitutional violation if the delay is occasioned by deliberate indifference which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir.1990). Unfortunately, Plaintiff has failed to

> demonstrate that the delay in receiving his pain medication resulted in any substantial harm. See Plaintiff's Answer to the Court's Question No. 24.
>
> While Plaintiff may have endured an increased level of back pain without his medication, the pain was temporary, lasting no more than a day, and as such, does not rise to the level of substantial harm. *See Morgan v. Dallas County Sheriff's Dep't*, No. 3–04–CV–2172–D, 2005 WL 57282 at *1 (N.D.Tex. Jan.11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D.Tex. Aug.26, 2005) (allegation that plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury).

*Parker v. Doty*, No. 7:08-CV-029-O, 2009 WL 804098, at *2 (N.D. Tex. Mar. 25, 2009).

### 5. Conclusion

For all of these reasons, the Complaint will be dismissed for failure to state a claim upon which relief can be granted. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez*, 203 F.3d a 1130. Plaintiff has already brought an amendment, which is of the same non-cognizable nature as his first claim. Neither claim, nor a combination of the claims, supports a constitutional cause of action. A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*. at 1129.

Plaintiff has provided more than sufficient information to show that he cannot state a claim upon which relief can be granted for the missed pill incidents of September 6, 2020, and December 7, 2020. The Court finds that an opportunity to amend would be futile

because the claim is de minimis and therefore lacks merit entirely and cannot be saved by amendment.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Complaint (Dkt. 6) is GRANTED, to the extent that the Court has considered Plaintiff's proposed allegations in screening.

2. Plaintiff's Complaint is DISMISSED (Dkt. 3). for failure to state a claim upon which relief can be granted.

DATED: May 3, 2021

_____
David C. Nye
Chief U.S. District Court Judge